IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CRIMINAL NO. 4:10-CR-028 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SCOTT E. MITCHELL, ) | PLEA AGREEMENT |
| ) | |
| Defendant. ) | |

The United States of America (also referred to as "the Government") and the Defendant, Scott E. Mitchell, and their undersigned attorneys, hereby enter into this Plea Agreement.

## A. CHARGES

1. Subject Offense. Defendant will waive Indictment (by executing a separate Waiver of Indictment form) and plead guilty to a United States Attorney's Information charging a violation of Title 26, United States Code, Section 7201, that is, willful evasion of federal income tax for the calendar year 2004. The Defendant also agrees to accept responsibility at sentencing for committing the same crime in calendar years 2005 and 2006.

2. No Further Prosecution. The United States of America agrees that the Defendant will not be charged in the Southern District of Iowa with any other federal criminal offenses under Title 26 now known by the Government to be directly related to this investigation.

## B. CONSEQUENCES OF PLEA

3. Maximum Punishment. Count 1 is punishable by a maximum term of imprisonment of 5 years, under 26 U.S.C. § 7201, a maximum fine of not more than $250,000.00, under 18 U.S.C. § 3571, or both, together with the costs of prosecution, as permitted by 26 U.S.C. § 7201. In

addition, there is a special assessment of $100.00, and a term of supervised release of not more than 3 years.

## C. SENTENCING CONSIDERATIONS

4.  <u>Advisory Sentencing Guidelines</u>. The sentence to be imposed is solely within the District Court's discretion, as limited and guided by 18 U.S.C. § 3553(a) and the advisory United States Sentencing Commission Guidelines, which apply to this offense. The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which include, but are not limited to the following:

   a. the Defendant's criminal history (prior convictions);

   b. the base offense level under U.S.S.G. § 2T1.1;

   c. the Defendant's role in the offense; and

   d. the Defendant's acceptance of responsibility.

The Government agrees to recommend a reduction in the Defendant's advisory guideline sentencing range for acceptance of responsibility, unless the Government, in its sole discretion, determines the Defendant has not clearly done so.

5.  <u>No Promises</u>. The Government makes no representations or promises as to the sentence to be imposed, as this is solely within the District Court's discretion. Although the parties may have discussed the possibilities of various factors having an impact on the sentence and the possibility of a certain sentencing range, the parties agree that no discussion resulted in any express or implied promise or guarantee concerning the actual sentence to be imposed.

6.  <u>No Right to Withdraw Plea</u>. The Defendant understands that he will have no right to

withdraw his plea if the sentence imposed, or the application of the United States Sentencing Commission Guidelines, is other than what he anticipated. The parties understand the Court may defer its decision to accept the plea until there has been an opportunity to review a presentence investigation report.

7. <u>Evidence at Sentencing</u>. The Defendant, his attorney, and the Government's attorney will be permitted to make whatever comment and evidentiary offer they deem appropriate at the time of the guilty plea, sentencing, or any other proceeding related to this case, provided such offer or comment does not violate any other provision of this agreement. The parties are also free to provide all relevant information to the U. S. Probation Office for use in preparing a presentence report. The parties agree that either party may present evidence by way of telephone or deposition transcript, and to this extent the Defendant agrees to waive any right of face-to-face confrontation at the sentencing hearing.

8. <u>Fines/Costs</u>. Issues relating to fines and/or costs of incarceration are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing.

9. <u>Special Assessment</u>. The Defendant agrees to pay the Government a special assessment of $100.00 per count, as required by Title 18, United States Code, § 3013. The Defendant agrees to make such payment (by cashiers check or money order payable to "Clerk, U. S. District Court") to the Clerk of Court within two weeks (14 days) of the execution of this agreement. Failure to comply with this paragraph is a significant breach of this agreement.

10. <u>Civil Fraud Penalty/Restitution/Payment of Taxes.</u> Defendant agrees that neither this agreement, nor any judgment, order, release, or satisfaction issued in connection with this agreement,

will satisfy, settle, or compromise his obligation to pay the balance of any remaining civil liabilities, including taxes, additional taxes, additions to taxes, interest, and penalties, owed to the IRS for tax years 2004, 2005, and 2006 or any other time period. The Defendant further agrees that he is liable for the civil fraud penalty (75% of the additional tax attributable to fraud) for tax years 2004, 2005, and 2006. The Defendant also agrees that the cash deposits he has made to the IRS relative to the 2004, 2005, and 2006 tax years, and all those made by him while this case is pending, will be applied to the taxes, interest, and penalties owing on these years, and he will not seek a return of any funds so deposited. The parties estimate that this amount is $48,000.00, through February 1, 2010.

### D. GENERAL MATTERS

11. <u>Voluntariness of Plea.</u> The Defendant acknowledges that he is entering into this plea agreement and is pleading guilty because he is guilty. He further acknowledges that he is entering into this agreement without reliance upon any discussions between the government and himself (other than those described in this plea agreement), without promise of benefit of any kind (other than any concessions contained in this plea agreement), and without threats, force, intimidation, or coercion of any kind. He further acknowledges that he understands the nature of the offenses to which he is pleading guilty, including the penalties provided by law.

12. <u>Limited Scope of Agreement.</u> This agreement does not limit, in any way, the right or ability of the Government to investigate or prosecute the Defendant for crimes occurring outside the scope of this agreement. Additionally, this agreement does not preclude the Government from pursuing any civil or administrative matters against the Defendant, including, but not limited to, civil tax matters and civil forfeiture, which arise from, or are related to, the facts upon which this investigation is based. This agreement binds only the parties hereto. It does not bind any state or

local authority and does not bind any federal authority other than the United States Attorney for the Southern District of Iowa.

13. Effect of a Breach or Law Violation. Any breach of this agreement, violation of law, or any violation of pretrial release conditions committed by the Defendant discovered after the date of this agreement will render this agreement voidable at the sole discretion of the United States.

14. Entire Agreement. This plea agreement, and any attachments, constitute the entire agreement between the parties. No other promises of any kind, express or implied, have been made to the Defendant by the United States or by its agents.

15. Factual Stipulations. Attached hereto as Attachment "A" and incorporated by reference herein are factual stipulations entered into between the parties, including the factual stipulations of the Defendant's offense conduct relating to each subject offense. The parties agree that the court can rely upon this stipulation for any purpose, including to support the plea and sentencing.

16. Use of Information. Attachment "A" may be used against the Defendant in any civil case or criminal prosecution, including prosecutions of the instant offense.

17. Venue. Defendant agrees that the offense conduct relating to the subject offenses were committed, in whole or in part, in the Southern District of Iowa, and that the U.S. District Court, Southern District of Iowa, has proper venue of this agreement.

18. Public Interest. The Government and Defendant state this plea agreement is in the public interest, takes into account the benefit to the public of a prompt and certain disposition of the case, furnishes adequate protection to the public interest, is in keeping with the gravity of the offense,

and promotes respect for the law.

### E. LIMITED WAIVER OF APPEAL AND § 2255

19.     Waiver of Appeal Rights. If the Court accepts this plea agreement, the Defendant hereby knowingly and expressly waives any and all rights to appeal his conviction and sentence in this case, including a waiver of all motions, defenses and objections which he could assert to the charges or to the Court's entry of Judgement against him, and any and all issues inhering therein.

20.     Limited Waiver of Post-Conviction Review. The Defendant further knowingly and expressly waives any and all rights to contest his conviction of the subject charges in any post-conviction proceedings, including any proceedings under Title 28 U.S.C. § 2255, subject to the following exception:

> The right to seek post-conviction relief based on ineffective assistance of counsel, or prosecutorial misconduct, if the grounds for such claim are not known to the him, or not reasonably knowable by him, at the time he enters a plea pursuant to this plea agreement.

21.     Execution/Effective Date. This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below. The United States Attorney's Office may withdraw this plea agreement offer at any time prior to its timely acceptance by Defendant. For Defendant to have timely accepted this plea agreement offer, Defendant and the Defendant's attorney must have properly executed the Plea Agreement and Attachment A (Stipulation of Facts), and the Office of the United States Attorney for the Southern District of Iowa must have received delivery of said properly executed documents by 5:00 p.m. on March 9, 2010. Should this offer of a Plea Agreement not have properly and timely been accepted

6

by Defendant by 5:00 p.m. on March 9, 2010, this offer is automatically withdrawn without further notice to Defendant.

The undersigned hereby accept and agree to the terms and conditions set forth in this Plea Agreement.

**F. SIGNATURES**

22. <u>Defendant.</u> I have read all of this plea agreement and have discussed it with my attorney. I fully understand the plea agreement and accept and agree with it without reservation. I do this voluntarily and of my own free will. No promises have been made to me other than the promises in this plea agreement. I have not been threatened in any way to get me to enter into this plea agreement. I am satisfied with the services of my attorney with regard to this plea agreement and other matters associated with this case. I am entering into this plea agreement and will enter my plea of guilty under this agreement because I committed the crime to which I am pleading guilty.

3-4-10
Date

Scott E. Mitchell
Defendant

23. <u>Defendant's Attorney.</u> I have read this plea agreement and have discussed its entirety with my client. There is no plea agreement other than the agreement set forth in this writing. My client fully understands this plea agreement. I am satisfied my client is capable of entering into this plea agreement, and does so voluntarily of the Defendant's own free will, and without any coercion or compulsion. I believe there is a factual basis for the plea and concur in my client entering into

7

this plea agreement and in entering a plea of guilty pursuant to the plea agreement.

3/4/2010
Date

*/s/ William Smith/*
William Smith
Attorney for Defendant
604 Locust Street, Suite 1000
Des Moines, IA 50309
Tel: (515) 245-6789
Fax: (515) 244-1328
Email: wssmith@smithlawiowa.com

24. United States of America.

Nicholas A. Klinefeldt
United States Attorney

Date: 3/8/2010

By: */s/ Craig Peyton Gaumer/*
Craig Peyton Gaumer
Assistant United States Attorney
U.S. Courthouse Annex, Suite 286
110 E. Court Avenue
Des Moines, Iowa 50309
Tel: (515) 284-6311
Fax: (515) 284-6492
Email: craig.gaumer@usdoj.gov

## ATTACHMENT A

### STIPULATION OF FACTS

COMES NOW the undersigned Assistant United States Attorney for and on behalf of the United States of America, plaintiff in the above-captioned matter, Defendant Scott E. Mitchell, and Defendant's attorney, William Smith, and hereby stipulate and agree that the following facts are true and correct and may be used by the Court to establish a factual basis for the plea of guilty to be entered by Defendant pursuant to the plea agreement, and for purposes of sentencing:

1. During tax years 2004, 2005, and 2006, the Defendant owned and operated Central Iowa Amusements, a business that leased arcade-type machines and "touch play machines" to numerous business across Iowa, in exchange for a percentage of the profits.

2. During the same tax years, the Defendant also owned rental property and operated a farm.

3. During the 2004, 2005, and 2006 tax years, Defendant willfully evaded the assessment of, and payment of, the federal income tax he owed for each year, by engaging in the following acts, among others:

   a. the Defendant intentionally withheld bank records or financial records from his tax preparer, and provided misleading and incomplete income information to be used in preparing his federal income tax returns;

   b. the Defendant knowingly and willfully submitted fraudulent federal income tax returns for tax years 2004, 2005, and 2006; and

   c. In the tax returns referenced above, the Defendant intentionally failed to disclose income that would have required him to pay substantial additional taxes in the estimated amount of over $95,000 combined, including an estimated substantial tax of no less than $50,000 for 2004.

4.   As a result of the foregoing, the Defendant owes substantial federal income tax for 2004, 2005, and 2006, in addition to that which he reported on his returns.

5.   Acts in furtherance of the Defendant's scheme to evade his income taxes for 2004, 2005, and 2006 occurred in the Southern District of Iowa, and venue is appropriate in the Southern District of Iowa.

March 4, 2010
Date

_____
Scott E. Mitchell
Defendant

March 4, 2010
Date

_____
William Smith
Attorney for Defendant

3/8/2010
Date

_____
Craig Peyton Gaumer
Assistant U.S. Attorney